# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THERESE SHELDON and CARLOS A. FARIS, individuals, on behalf of themselves and others similarly situated,<br><br>    Planitiff,<br><br>v.<br><br>CLARFIELD, OKON, SALOMONE & PINCUS, P.L., a Florida professional limited liability company, | ) ) ) ) **CASE NO.**<br>) )<br>) **CLASS ACTION**<br>) )<br>) **JURY DEMANDED**<br>) ) ) |

## INTRODUCTION

1.  On behalf of the putative class, Plaintiffs allege a violation of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et. seq.* ("FDCPA"). Simply put, Defendants sent a demand letter with attached notice to Plaintiffs which failed to comply with the mandated requirements of *§1692e* of the aforesaid federal statute.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under *28 U.S.C. §§1331, 1337*, and *15 U.S.C. §1692k*. Venue in this District is proper because Defendant resides here and does business in this District.

## PARTIES

3.  Plaintiff, Therese Sheldon ("Sheldon"), is a natural person, and a citizen of the State of Florida.

1

4. Plaintff, Carlos A. Faris ("Faris"), is a natural person, and a citizen of the State of Florida.

5. Sheldon and Faris are collectively referred to hereinafter as "Plaintiffs"

6. Defendant, Clarfield, Okon, Salomone & Pincus, P.L. ("COSP") is a Florida professional limited liability company whose principal address is 500 S. Australian Ave., Ste. 730, West Palm Beach, FL 33401, and whose Registered Agent for service of process in the State of Florida is Steven J. Clarfield, 500 S. Australian Ave., Ste. 730, West Palm Beach, FL 33401.

7. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. COSP is "debt collectors" as defined in the FDCPA.

8. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiffs' alleged debt.

**FACTUAL ALLEGATIONS**

9. Defendant sought to collect a debt from Plaintiffs arising from an alleged debt incurred by Plaintiffs for personal, family, or household purposes; more specifically, the debt at issue was promissory note secured by Plaintiffs' personal residence.

10. On or about December 22, 2014, Defendant caused to be served upon Plaintiffs a complaint seeking to collect an alleged debt from Plaintiffs (hereinafter, the "Complaint.").

11. The named plaintiff in the Complaint is Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-FXD2, Asset Backed Certificates, Series 2007-FXD2 ("Wells Fargo"), Defendant, Wells Fargo is a national bank; its headquarter are believed to be located in San Francisco, California and main office located in Sioux Falls, South Dakota.

12. Wells Fargo claims to be the "holder of the Note and is entitled to enforce the debt . . ." (Complaint, ¶ 5)

13. Wells Fargo is but one of several clients on whose behalf Defendant files foreclosure lawsuits

14. In the Complaint, Defendant therefore sought to collect for its client the amount due on a promissory note allegedly signed by Plaintiffs.

15. Attached to the Complaint was a Summons, which reads:

> Each defendant is required to serve written defenses to the complaint or petition on Clarfield, Okon, Salomone & Pincus, P.L., plaintiff's attorney, whose address is 500 S. Australian Ave., Suite 730, West Palm Beach, Florida 33401, *within 20 days after service of this summons* on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief of the demanded in the complaint or petition.

(emphasis added).

16.   A true and correct copy of the Summons and Complaint is attached hereto as "Exhibit A."

17.   Paragraph number 11 of the Complaint states: A copy of the Fair Debt Collections Practices Act is attached hereto and incorporated herein by reference.

18.   The "Notice" referred to in Paragraph 11 of the Complaint was entitled "FAIR DEBT COLLECTION PRACTICES ACT NOTIFICATION (hereinafter, the "Notice").

19.   A true and correct copy of the Notice is attached hereto as "Exhibit B."

20.   The first line of the Notice states: This Notice is *required* by the Fair Debt Collection Practices Act (the "Act"), 1 5 U.S.C. § 1692 et. seq., as amended. (emphasis added).

21.   Paragraph number 4 of the Notice states: If the debtor notifies the creditor's law firm in writing *within 30 days of the receipt of this notice* that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm. (emphasis added).

22. The alleged debt arises from Plaintiffs' ownership of their house which, when purchased, was their primary residence, and where they currently reside.

23. The Notice, allegedly required under the § 1692g of the FDCPA, is in fact not required at all. This is because a complaint is not considered an "initial communication" for purposes of § 1692g(a). See 15 U.S.C. § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003).

24. Defendant's Notice, which, according to Defendant, is required by law, states that the Plaintiffs may dispute the debt in writing directly to the Defendant within thirty (30) days, if they so choose.

25. The Notice improperly suggests that a written dispute directed to the Defendant with regard to the debt is sufficient to dispute the debt alleged in the lawsuit, thus contradicting the Summons and creating confusion with respect to the least sophisticated consumer's rights as both a consumer and as a litigant. Worse yet, this confusion is likely to provide the Defendant with an advantage in its debt collection effort as further explained herein.

26. The Eleventh Circuit applies the "least-sophisticated consumer" standard to evaluate whether a debt collector's communication violates 15 U.S.C. § 1692e. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

27. A collection letter is confusing if, after reading it, the unsophisticated consumer would be left unsure of her right to dispute the debt and request information concerning the original creditor. *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98 (1st Cir. 2014).

28. Any potential bona fide error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

29. This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) to whom Notices in the same form as "Exhibit A" were sent to or served upon any person (iii) in connection with a lawsuit, (iv) in an attempt to collect a debt incurred for personal, family, or household purposes, (v) and which were not returned undeliverable by the U.S. Post Office or unserved (vi) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").

30. Plaintiff alleges on information and belief based upon the Defendants' use of Notice in the form of "Exhibit A" that the class is so numerous that joinder of all members of the Class is impractical. Defendant files foreclosure actions throughout the State of Florida and has dozens of attorneys on staff. See,

6

http://www.clarfieldokon.com/. At a minimum, Plaintiff believes the Class to be several dozen, and most likely, more than one hundred (100).

31. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent or served a Notice attached in the form of "Exhibit A." The principal legal issues is whether Defendants' Notice in the form of "Exhibit A" violates the FDCPA by deceiving consumers into filing a written dispute pursuant to the FDCPA and thus waiving certain rights and defenses which they possess as litigants in a court of law.

32. Plaintiffs' claim is typical of those of the class members. All are based on the same facts and legal theories.

33. Plaintiffs will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue this action.

34. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

35. (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member. (2) A class action

is superior to other available methods for the fair and efficient adjudication of the controversy.

36. The Plaintiffs request certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for statutory damages.

### COUNT I - VIOLATION OF 15 U.S.C. § 1692e

37. Plaintiff re-alleges Paragraphs 1 through 31.

38. Defendant's superfluous Notice incorrectly states that a consumer may file a written response within thirty (30) days, not twenty (20). Many consumers believe that they need to file a written response to the Notice with the Court as directed by the Summons. This response from a consumer is then deemed an Answer. Once a consumer has filed an Answer, they have waived many of their legal rights and defenses, including but not limited to: (1) the right to contest service of process; (2) the right to seek a more definite statement; and (3) the right to file a motion to dismiss. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violative of 15 U.S.C. §§ 1692e, 1692e(10).

39. Alternatively, Defendant's superfluous Notice also incorrectly suggests that a consumer may file a written response within thirty (30) days. To many consumers this Notice would overshadow the time frame necessary to file a

response with the Court as explained in the Summons. Should a consumer wait until the thirtieth day to file a response, he will already be in default in accordance with the Summons. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violative of 15 U.S.C. §§ 1692e, 1692e(10).

WHEREFORE, Plaintiffs THERESE SHELDON and CARLOS A. FARIS request that this Court enter judgment in favor of themselves and the class, and against Defendant CLARFIELD, OKON, SALOMONE & PINCUS, P.L. for:

    a. An Order certifying this matter as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b. Statutory damages pursuant to 15 U.S.C. §1692k;

    c. Attorney's fees, litigation expenses and costs of the instant suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

40.    Plaintiff demands a trial by jury.

Dated: February 24, 2015.

        Respectfully submitted,

        s/ Scott D. Owens
        Scott D. Owens, Esq.

Florida Bar Number 0597651
Patrick Crotty, Esq.
Florida Bar Number 0108541
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: (954) 589-0588
Fax: (954) 337-0666
Scott@scottdowens.com
Patrick@scottdowens.com

Jennifer T. Harley, Esq.
LEGAL AID SERVICE OF BROWARD COUNTY
491 N. State Rd. 7
Plantation, FL 33317
Tel: (954) 736-2488
Fax: (954) 736-2484
Florida Bar No. 962821
jharley@legalaid.org

*Attorneys for Plaintiff*