UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 15-60379-CIV-ZLOCH

THERESE SHELDON and CARLOS A.
FARIS, individually and on
behalf of all others
similarly situated,

        Plaintiffs,
v.

CLARFIELD, OKON, SALOMONE, &
PINCUS, P.L., a Florida
professional limited
liability company,

        Defendant.
_____/

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND DISMISSAL WITH PREJUDICE**

    This matter comes before the Court on the Joint Motion (DE 51) filed herein by Plaintiffs Therese Sheldon and Carlos A. Faris, and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant Clarfield, Okon, Salomone & Pincus P.L., a Florida professional limited liability company ("Defendant") for approval of the Class Action Settlement Agreement (the "Settlement Agreement"), dated September 4, 2015 and for dismissal of Defendant from this Action pursuant to the terms of the Settlement Agreement. Based upon Plaintiffs' counsel's certification in support of final approval and in support of their application for fees, the Court

being fully advised in the premises of the proposed Class Settlement, the Court makes the following findings:

A. The Plaintiffs and Defendant have entered into the Settlement Agreement of this matter arising from allegations that the Defendant attached a Fair Debt Collection Practices Act notice (the "Notice") to certain foreclosure complaints in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*; in response, Defendant contends that the alleged claim is not supported by the law and that the Notice complied with the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*, as well as other defenses.

B. The Settlement Agreement has been submitted to the Court for final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C. Pursuant to Rule 23(b)(3) and the Settlement Agreement, the following class is hereby certified for settlement purposes: (i) all persons with residential real property in the State of Florida; (ii) to whom foreclosure complaints with a Fair Debt Collection Practices Act ("FDCPA") notice in substantially the same form as "Exhibit A" to the Complaint in this action were served; (iii) during the one year period prior to the filing of the original complaint in this action through the date of class certification by the Court.

D. The total number of Class Members is 1,890.

E. Notice was sent by first class mail to those 1,890 persons at their last known mailing address using Accessible Contact Information.

F. The United States Postal Service returned 234 Notices to the Settlement Administrator, First Class, Inc., as undeliverable and forwarded 2 additional Notices to addresses provided by the United States Postal Service.

G. The Settlement Hearing was held before the Honorable Judge William J. Zloch, District Court for the Southern District of Florida, Fort Lauderdale, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, on January 27, 2016.

H. No Class Members objected to the Settlement.

I. From a total of 1,890 Class members, 21 members chose to opt-out of the Settlement. The identity of the Class Members who chose to opt out are: Nidia Concepcion, Karen Crofford, Jeffrey Crofford, Casteria Francis, Neville Francis, Barbara Frank, Harry Frank, Jr., Jason Harden, Deborah Lopes, Brian Lopes, Zbigniew Pawlowski, Irena Pawlowski, Alma Roy, Philip Severino, Kimberly J. Dupuis, Silvia Torres, Alba Pelaez, Michelle McClary, Artemus McClary, Stephen Ayoub and Gerard Levesque, Jr.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Settlement Agreement dated as of September 4, 2015 [ECF No. 51-1].

2. <u>Notice</u>. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A. The Parties are directed to implement the settlement in accordance with its terms. Payment of $2,000.00 shall be made jointly to Therese Sheldon and Carlos A. Faris, the Class Representatives. Payment of the Settlement Fund is to be made on a *pro rata* basis to all Class Members who did not timely opt out. Any funds unclaimed ninety (90) days after funds have been sent shall be paid to Coast-to-Coast Legal Aid of South Florida.

B. Except as to any individual claim of those persons who have timely and effectively requested exclusion from the Settlement Class under the Settlement Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

D. Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims, as defined in Paragraph 23 of the Settlement Agreement.

Further, the Class Representative and all Class Members (and the successors and assigns of any of them) who have not timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against Defendant, Defendant's Related Parties, either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to Defendant's use of an FDCPA Notice in substantially the same form as that attached as Exhibit A" to the Complaint in this action in connection with foreclosure cases, during the one year

period prior to filing the Complaint in this action, to-wit: from February 24, 2014 through the date of the entry of this order.

E. Nothing herein shall alter, amend, or terminate the rights of Defendant and its clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant and its clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Class Member nor impair or limit any right or cause of action by the Class Representatives or the Class Members to dispute the underlying debt or amount owed to Defendant or any of its past, present, or future clients.

4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Defendant's Denial of Liability</u>. The Court notes that the Defendant does not admit or concede (but, to the contrary, expressly denies) any wrongdoing, liability or improper conduct of any nature in connection with any facts or claims that have been, or could have been raised against it by the Class Representatives or to the Class Members for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representatives, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7. <u>Attorney's Fees</u>. After reviewing Class Counsel's motion for attorney's fees in support of final approval, the Court awards to Class Counsel reasonable Attorney's Fees and costs in the total amount of $40,195.00

8. <u>Timing of Payments or Consideration</u>. No later than fourteen (14) days after the Entry of Judgment becomes final as defined by paragraph of the Settlement Agreement, settlement checks shall be distributed *pro rata* to all class members who have not timely opted out and Defendant shall pay $2000.00 to Therese Sheldon and Carlos A. Faris and $40,195.00 to Class Counsel for Attorney's Fees.

9. <u>Entry of Judgment</u>. There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith. This Action is hereby dismissed with prejudice with each party to bear their own costs except as otherwise ordered by the Court.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 4th day of February, 2016.

WILLIAM J. ZLOCH
UNITED STATES DISTRICT JUDGE

Copies furnished:

All Counsel of Record